UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

COURTNEY MOTLEY,

Petitioner,

v.

STATE OF NEVADA, *et al.*,

Respondents.

Case No. 3:20-cv-00326-RCJ-CLB

**ORDER**

Courtney Motley, a prisoner at Nevada's Ely State Prison, initiated this action *pro se* on June 2, 2020, by submitting to the Court a Petition for Writ of Habeas Corpus and an Application to Proceed *in Forma Pauperis.* On July 8, 2020, the Court granted Motley's Application to Proceed *in Forma Pauperis* and ordered his petition filed. The Court also ordered Motley to file an amended habeas petition, on a correct form, if he intended to pursue this case. *See* Order entered July 8, 2020 (ECF No. 5).

On July 13, 2020, Motley filed an amended petition (ECF No. 6). Thereafter, on July 30, 2020, he filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (ECF No. 7) and an Application to Proceed *in Forma Pauperis* (ECF No. 8). On September 1, 2020, he filed an "Amended Appeal Brief" (ECF No. 9). Then, on September 4, 2020, he filed an Application for Leave to File Second or Successive Petition (ECF No. 10), and an Amended Civil Rights Complaint (ECF No. 11). On September 8, 2020, he filed a Motion for Entry of Clerk's Default (ECF No. 12). On September 14, 2020, he filed a motion (ECF No. 13) requesting copies of court records. On September 17, 2020, he filed another Application to Proceed *in Forma Pauperis* (ECF No. 15).

1

In his amended petition, as supplemented by his July 30 and September 1 filings, as the Court understands it, Motley appears to claim that he is held in custody in violation of his federal constitutional rights because the duration of his prison sentence has been improperly calculated. It is plain, from Motley's amended petition and other filings, that he has not exhausted his claim in state court. A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b); *see also Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), abrogated on other grounds by *Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006) (exhaustion of judicial remedies generally required for habeas petition under 28 U.S.C. § 2241). The exhaustion requirement is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional violations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest available state court and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A claim is fairly presented to the state court if, before that court, the petitioner describes the operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982). The Court will grant Motley an opportunity to show that he has exhausted his claim in state court. To do so, Motley must file a copy of an order of either the Nevada Court of Appeals or the Nevada Supreme Court, or other document, or clear explanation, showing that he has presented his claim to the highest state court available and has given such court the opportunity to address and resolve the claim. If Motley does not do so in the time allowed, this case will be dismissed.

Motley's motion under 28 U.S.C. § 2255 (ECF No. 7) is improper, as he is not in federal custody. That motion will be denied on that ground.

Motley's July 30 and September 17 applications to proceed *in forma pauperis* (ECF No. 8) are moot, as he has already been granted *in forma pauperis* status for this case. Those applications will be denied as moot.

Motley's Application for Leave to File Second or Successive Petition (ECF No. 10) is improperly filed in this Court. Such an application must be filed in the court of appeals. *See* 28 U.S.C. § 2244; Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court will deny the application on that ground.

Motley's Amended Civil Rights Complaint (ECF No. 11) is improperly filed in this habeas corpus action. The Court takes judicial notice that Motley has initiated several civil rights actions in this Court. The Court will order the amended civil rights complaint stricken from the record in this habeas corpus case. Motley must file that document in the correct case; to do so, he must include the correct case number in the caption.

Motley's Motion for Entry of Clerk's Default (ECF No. 12) is inappropriately filed in this habeas corpus action. The petition remains in the screening stage; the Court has yet to order service of the petition on the respondents. The Court observes that Motley may have filed this document in the wrong action. The Court will deny this motion.

Motley's motion requesting copies of court records (ECF No. 13) will be denied as premature. Motley's petition is still in the screening stage. If respondents are served with Motley's petition, and at an appropriate time, the respondents will be required to file materials from the state-court record. *See* Rules 5, 6 and 7 of the Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS THEREFORE ORDERED** that Petitioner will have **60 days** from the date of this order to show cause, as described above, why this action should not be dismissed for Petitioner's failure to exhaust his claim in state court.

**IT IS FURTHER ORDERED** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (ECF No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Applications to Proceed *in Forma Pauperis* (ECF Nos. 8 and 15) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Petitioner's Application for Leave to File Second or Successive Petition (ECF No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to **STRIKE** from the record the Amended Civil Rights Complaint filed by Petitioner on September 4, 2020 (ECF No. 11).

**IT IS FURTHER ORDERED** that Petitioner's Motion for Entry of Clerk's Default (ECF No. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Request for Records (ECF No. 13) is **DENIED**.

DATED THIS 18th day of September, 2020.

ROBERT C. JONES,
UNITED STATES DISTRICT JUDGE

4