UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COURTNEY MOTLEY,<br><br>    Petitioner,<br><br>    v.<br><br>STATE OF NEVADA, *et al.*,<br><br>    Respondents. | Case No. 3:20-cv-00326-RCJ-CLB<br><br>**ORDER** |

    Courtney Motley initiated this action *pro se* on June 2, 2020, by submitting to the Court a Petition for Writ of Habeas Corpus and an Application to Proceed *in Forma Pauperis*. At that time, Motely was incarcerated at Nevada's Ely State Prison; he has since been released from custody it appears. *See* Notice of Change of Address (ECF No. 30).

    On July 8, 2020, the Court granted Motley's Application to Proceed *in Forma Pauperis* and ordered his petition filed. The Court also ordered Motley to file an amended habeas petition, on a correct form, if he intended to pursue this action. *See* Order entered July 8, 2020 (ECF No. 5).

    On July 13, 2020, Motley filed an amended petition (ECF No. 6). In his amended petition, as the Court understands it, Motley claims that he is—or was--held in custody in violation of his federal constitutional rights because the duration of his prison sentence was improperly calculated.

    As it appeared in the amended petition that Motley had not exhausted his claim in state court, this Court, on September 18, 2020, ordered Motley to show cause why this action should not be dismissed. *See* Order entered September 18, 2020 (ECF No. 18).

1

1    A federal court may not grant habeas corpus relief on a claim not exhausted in
2 state court. 28 U.S.C. § 2254(b); *see also Castro-Cortez v. INS*, 239 F.3d 1037, 1047
3 (9th Cir. 2001), abrogated on other grounds by *Fernandez-Vargas v. Gonzales*, 548
4 U.S. 30 (2006) (exhaustion of judicial remedies generally required for habeas petition
5 under 28 U.S.C. § 2241). The exhaustion requirement is based on the policy of federal-
6 state comity, and is intended to allow state courts the initial opportunity to correct
7 constitutional violations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a
8 claim, a petitioner must fairly present the claim to the highest available state court and
9 must give that court the opportunity to address and resolve it. *See Duncan v. Henry*,
10 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10
11 (1992). A claim is fairly presented to the state court if, before that court, the petitioner
12 describes the operative facts and legal theory upon which the claim is based. *See*
13 *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275;
14 *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982).

15    Perhaps in response to the order to show cause, Motley filed a copy of an order
16 of the Nevada Court of Appeals. *See* Order of Affirmance (ECF No. 19, pp. 6–8, and
17 ECF No. 20, pp. 27–29). That document indicates that on August 28, 2020, the Nevada
18 Court of Appeals affirmed the state district court's denial of Motley's postconviction
19 petition for a writ of habeas corpus.  In that order, the Nevada Court of Appeals stated:

> Finally, Motley appears to argue that the Nevada Department of Corrections failed to apply good-time credits toward his sentence and as a result erred when calculating his sentence. However, Motley did not raise this claim in his petition and we decline to consider it in the first instance on appeal. *See McNElton v. State*, 115 Nev. 396, 416, 990 P.2d 1263, 1276 (1999).

24 Order of Affirmance, pp. 2–3 (ECF No. 20, pp. 28–29). There is no indication in that
25 order that Motley claimed in state court that the alleged miscalculation of his sentence
26 violated his federal constitutional rights, or any other right under federal law, as he does
27 in this case.  Furthermore, it is clear from the Nevada Court of Appeals' order that

Motley did not fairly present the claim—whatever the exact nature of the claim was—in a manner giving the appellate court an opportunity to address and resolve it.

Therefore, it plainly appears from Motley's amended petition, and the other documents he has filed, that his claim is unexhausted in state court and that he is not entitled to federal habeas corpus relief. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. The Court will dismiss this action.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner's Request for Records/Court Documents (ECF No. 16), and his Motion to Quash (ECF No. 25) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Petitioner is denied a certificate of appealability because jurists of reason would not find this Court's ruling debatable.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter judgment accordingly.

DATED THIS 8th day of January, 2021.

_____
ROBERT C. JONES,
UNITED STATES DISTRICT JUDGE